# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

The United States of America,

    Plaintiff

v.

Daniel J. Dease,

    Defendant

2:15-cr-00255-JAD-PAL

**Order Denying Motion for Judicial Recommendation to the Federal Bureau of Prisons**

[ECF No. 119]

    Three months ago, I sentenced Daniel Dease to 30 months in custody after he pled guilty under a plea agreement to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841 and 846.[1] Dease—who still has counsel—moves pro se and ex parte for a judicial recommendation to the BOP that he receive three months of pre-release half-way house confinement.[2] Because Dease has not demonstrated that he is entitled to this relief, particularly on an ex parte basis, I deny the motion without prejudice to his ability to file a new motion with notice on the government and with a discussion of how the factors under 18 U.S.C. § 3621(b) justify this relief.

## Discussion

    Title 18 Section 3621(b) of the United States Code provides that the BOP has discretion to place an inmate into "any available penal or correctional facility," including an RRC placement,[3] and to "direct the transfer of an inmate from one penal correctional facility to another" "at any time."[4] In determining which facility to place the inmate in, the BOP must consider:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the

---

[1] ECF Nos. 92 (plea agreement), 113 (judgment).

[2] ECF No. 119.

[3] *Rodriguez v. Smith*, 541 F.3d 1180, 1187 (9th Cir. 2008).

[4] 18 U.S.C. § 3621(b).

sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(A)(2) or title 28.[5]

Section 3624(c), on the other hand, deals exclusively with the placement of a prisoner during the final portion of his sentence. It provides:

> The Director of the [BOP] [must], to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and to prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.[6]

In administering § 3624(c), courts consider the statutory factors outlined in 18 U.S.C. § 3621(b).[7]

Federal Rule of Criminal Procedure 36, which Dease relies on, allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" at any time. But I do not find that Rule 36 is a proper basis for making the change that Dease requests. This change would be substantive, not merely clerical.

Nonetheless, I may recommend placement in an RRC without correcting the judgment.[8] But Dease has not demonstrated that a judicial recommendation is necessary here. And by submitting this motion on an ex parte basis,[9] he did not afford the government any opportunity to respond.

---

[5] *Id.*

[6] 18 U.S.C. § 3624(c)(1).

[7] *Rodriguez*, 541 F.3d at 1184–85.

[8] *See e.g. United States v. Palacios*, 2007 WL 2410389, *3 (S.D. Cal. July 14, 2007) (declining to amend judgment under Federal Rule of Criminal Procedure 36 and instead issuing order recommending placement in an RRC for final six months of incarceration). I recognize, however, that though the BOP must consider my recommendation, it has no obligation to follow or adopt it.

[9] Local Criminal Rule 47-1 requires all motions to "be in writing and served on all other parties who have appeared."

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Dease's ex parte motion to amend criminal judgment pursuant to Fed. R. Crim. P. 36 [ECF No. 119] is DENIED** without prejudice to Dease's ability to file a new motion—through counsel[10]—and serve that motion on the government in compliance with Local Criminal Rule 47-1.

Dated April 24, 2017

                                                    _____
                                                  Jennifer A. Dorsey
                                                  United States District Judge

---

[10] The fact that Dease remains represented by appointed counsel provides a secondary reason to deny this motion. Local Rule IA 11-6(a) states that "A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney."